Steven W. Ritcheson (SBN 174062)
INSIGHT, PLC
578 Washington Blvd. #503
Marina del Rey, CA 90292
(T) 818-744-8714
(F): 818-337-0383
swritcheson@insightplc.com

NI, WANG & MASSAND, PLLC
Hao Ni (pro hac vice to be filed)
hni@nilawfirm.com
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

*Attorneys for Plaintiff*
*Better Mouse Company, LLC.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT
# OF CALIFORNIA

| | |
|---|---|
| **BETTER MOUSE COMPANY, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**KINGSTON TECHNOLOGY COMPANY, INC.,**<br><br>Defendant. | **Civil Action No.**<br><br>**ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

ORIGINAL COMPLAINT
No.

1

## COMPLAINT

Plaintiff Better Mouse Company, LLC ("BMC") files this original complaint against Kingston Technology Company, Inc., ("Kingston" or "Defendant"), alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## PARTIES

1. BMC is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Tyler, Texas.

2. Defendant Kingston Technology Company, Inc., is a company organized and existing under the laws of the state of Delaware with its principal place of business at 17600 Newhope Street, Fountain Valley, CA 92708. Kingston conducts business in and is doing business in California and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing and/or selling HyperX branded gaming mouse that incorporate DPI-on-the-fly that embody the patented technology, and enabling end-user purchasers to use such devices in this District. Kingston may be served thru its registered agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1400(b). Defendant has a place of business within this District and has committed the acts of which are the subject of this complaint.

5.  Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the California Long Arm Statute due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this district.

## THE TECHNOLOGY

6.  The patent-in-suit, U.S. Patent No. 7,532,200 ("the '200 Patent"), titled "Apparatus for Setting Multi-Stage Displacement Resolution of a Mouse," teaches a device capable of setting the resolution for a computer mouse, often measured in "dots-per-inch" (DPI). The resolution determines how much the mouse cursor moves on a computer screen for each corresponding movement of the mouse itself by the user. For example, if the DPI ratio is 1:1, the cursor moves one "dot" on the screen per inch of motion by the mouse. Depending on an individual user's needs, that ratio (resolution) can be adjusted to provide the user with a customized experience. For example, a user playing computer games may wish for more precise control of the cursor and adjust the resolution so that each movement on the screen requires a larger movement of the mouse itself.

7.  In the prior art, adjusting the resolution generally required installing a software driver on a connected computer, and changing the resolution within that software program. The user first needed to install the software, which required a separate item such as a CD-ROM. Next, the user must locate the installed software on the computer and then determine how to adjust the desired parameter within the software. In contrast, the inventor of the technology described in the

'200 Patent developed a mouse that includes a button and/or switch on the mouse for adjusting the resolution by hand to generate a resolution value, without using a software driver or tool that is external to the mouse. Among other advantages, this approach allows the user to directly adjust the mouse's resolution quickly and easily, without using a software driver or tool on the connected computer.

8. BMC is the owner of the '200 Patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '200 patent against infringers, and to collect damages for all relevant times.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,532,200

9. On May 12, 2009, the '200 Patent was duly and legally issued by the United States Patent and Trademark Office.

10. BMC is the owner of the '200 Patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '200 Patent against infringers, and to collect damages for all relevant times.

11. Kingston made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale computer mice and other devices ("the accused products"), including, for example, at least the HyperX Pulsefire Core; Pulsefire Dart; Pulsefire FPS Pro; Pulsefire Raid; and Pulsefire Surge gaming mouse, which infringe one or more claims of the '200 Patent.



https://www.hyperxgaming.com/us/mice/pulsefire-core-rgb-gaming-mouse

**Specifications**

- Pixart 3389 Sensor
- 16,000 DPI / 450 IPS / 50G
- Customizable with HyperX NGENUITY software
- Part Number: HX-MC003B

$44.99

| Mouse | |
|---|---|
| Ergonomic: | Ergonomic |
| Sensor: | Pixart PMW3389 |
| Resolution: | Up to 16,000 DPI |
| DPI presets: | 800 / 1600 / 3200 DPI |
| Speed: | 450ips |

https://www.hyperxgaming.com/us/mice/pulsefire-fps-pro-rgb-gaming-mouse

12. By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 6 of the '200 Patent. Defendant's infringement in this regard is ongoing.

13. Defendant has infringed the '200 Patent by making, having made, using, importing, providing, supplying, distributing, selling or offering for sale systems that comprise an apparatus for setting multi-stage displacement resolution of a mouse generated by the mouse in a two-dimensional space.



14. The accused products include a an N-stage switch for setting a resolution value, the N-stage switch circuit having a switching button capable of being manually switched to one of positions 1 to N, and accordingly activating a connected resolution setting pin to indicate a state, where N is a positive integer.

15. The accused products include a mouse micro controller with a register, coupled to the X-Y axis plane displacement detector and the switching circuit, the mouse micro controller determining the resolution value based on the state of the connected resolution setting pins.





Source: https://www.nxp.com/docs/en/data-sheet/LPC11U1X.pdf

16. The accused products include setting a mouse resolution based on the resolution value and storing the resolution value in the register.



17. The accused products include the mouse micro controller responding to the distance and moving direction sensed by the X-Y axis plane displacement detector to provide a control signal to a computer connected to the mouse, thereby moving the mouse cursor on a screen of the

ORIGINAL COMPLAINT
No.

9

computer, the mouse cursor being moved directly based on the resolution value stored in the register.

18.   BMC has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to BMC in an amount that adequately compensates BMC for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19.   BMC and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '200 Patent.

## PRAYER FOR RELIEF

WHEREFORE, BMC respectfully requests:

   A. That Judgment be entered that Defendant has infringed at least one or more claims of the '200 Patent, directly and/or indirectly, literally and/or under the doctrine of equivalents;

   B. An award of damages sufficient to compensate BMC for Defendant's infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Defendant's willful infringement;

   C. That the case be found exceptional under 35 U.S.C. § 285 and that BMC be awarded its reasonable attorneys' fees;

   D. Costs and expenses in this action;

   E. An award of prejudgment and post-judgment interest; and

   F. Such other and further relief as the Court may deem just and proper.

10
ORIGINAL COMPLAINT
No.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, BMC respectfully demands a trial by jury on all issues triable by jury.

Dated: November 9, 2020         INSIGHT, PLC

*/s/ Steven W. Ritcheson*
STEVEN W. RITCHESON
Attorney for Plaintiff
***Better Mouse Company, LLC***

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and L.R. 38-1, Plaintiff hereby demands a jury trial on all the issues in this action so triable of right by a jury.

Respectfully submitted,

Dated:  November 9, 2020                    _____

*/s/ Steven W. Ritcheson, Esq.*
Steven W. Ritcheson, Esq. (SBN 174062)
INSIGHT, PLC
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
swritcheson@insightplc.com

**Attorney for BETTER MOUSE COMPANY LLC**

ORIGINAL COMPLAINT
No.